IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**VICTOR AUGUSTO DIAZ ROSARIO**,    )
                                     )
                                     )
                                     )    **3:26-CV-1102**
            Petitioner,              )
                                     )
    v.                               )
                                     )
**WARDEN LEONARD ODDO**, et al.      )
                                     )
                                     )
            Respondents.             )

**MEMORANDUM ORDER GRANTING IN PART AND DENYING IN PART
PETITIONER VICTOR AUGUSTO DIAZ ROSARIO'S PETITION FOR WRIT
OF HABEAS CORPUS (Doc. 1)**

Pending is Petitioner Victor Augusto Diaz Rosario's Petition for Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2241.  (Doc. 1).

**I.    Background**

By way of Petitioner's habeas petition:

Petitioner requests that this Court release him from detention by the Immigration
and Customs Enforcement ("ICE") or, alternatively, conduct or order a bond
hearing in which the Respondents bear the burden of justifying Petitioner's
continued detention. Petitioner also requests that the Court set aside recent policies
implemented by Respondents that are contrary to the statutory right of non-citizens
like Petitioner to seek release and bail through an exercise of the Respondents'
discretion.

(*Id*. at 1-2).

On June 25, 2026, Respondents filed their response in opposition to Petitioner's habeas

petition.  (Doc. 6).

Petitioner had until June 30, 2026, to file a reply to Respondents' response.  (Doc. 2).

To date, no reply has been filed.

Accordingly, this matter has been fully briefed and is ripe for adjudication.

II.      **Discussion and Conclusions**

The issues before the Court are: (1) whether Petitioner is subject to discretionary detention pursuant to 8 U.S.C. §1226(a) ("Section 1226(a)"), as contended by Petitioner, or mandatory detention under 8 U.S.C. § 1225(b(2) ("Section 1225(b)(2)"), as contended by Respondents; (2) if Petitioner's detention is governed by Section 1226(a), what is the relief to which Petitioner is entitled as of today's date, July 1, 2026; and (3) should the Court set aside recent policies implemented by Respondents that Petitioner contends are contrary to the statutory right of non-citizens like Petitioner to seek release and bail through an exercise of the Respondents' discretion.

The documents of record support that Petitioner: (1) is a native and citizen of the Dominican Republic; (2) illegally entered the United States in September, 2022 and was paroled; (3) was detained by ICE on May 21, 2026;[1] (4) has pending removal proceedings (*i.e.,* there is not a final order of removal in effect as to Petitioner); and (5) currently is detained at Moshannon Valley Processing Center.  (Doc. 1-2 through Doc. 1-3, Doc. 6-1 through 6-3).

For the reasons set forth by this Court in *Rivera Juarez v. Oddo et al.*, 3:26-cv-718 (W.D. Pa) (Schwab, J.) (Doc. 10), the Court finds that Petitioner's detention is governed by 8 U.S.C. § 1226(a) and not 8 U.S.C. § 1225(b)(2).  *See also Barbosa da Cunha v. Freden,* 175 F.4th 61, 91 (2d Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Detention Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026); *Castanon-Nava v. U.S. Dept. of Homeland Sec.*, 175 F.4th 828 (7th Cir. 2026).

Accordingly, the Court GRANTS Petitioner's habeas petition and ISSUES the writ on these terms: (1) Respondents shall cause Petitioner to be taken to a neutral immigration judge of

---

[1] While Petitioner's habeas petition stated that Petitioner was detained by ICE on May 25, 2026, the documents submitted by Petitioner do not support that detention date and Respondents' documents support that Petitioner was detained by ICE on May 21, 2026.  (Doc. 1, Doc. 1-2, Doc 1-3, Doc. 6-3).

the Executive Office of Immigration Review for an individualized bond hearing to occur within 30 days of this order, or else release Petitioner by such date; (2) Respondents shall ensure that such a hearing includes the required due process, *i.e.,* at a minimum, factfinding based on a record produced before the decisionmaker and disclosed to Petitioner; an opportunity to make arguments on the Petitioner's behalf; and the right to an individualized determination of Petitioner's interests. *See Ghanem v. Warden Essex Cnty. Corr. Facility,* No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022); and (3) Petitioner shall be responsible for securing the necessary transcripts and record of the bond hearing.  The Court trusts the immigration judge to comply with this order and ensure that Petitioner is provided due process, and therefore, the immigration judge shall explain his or her individualized determination on the record.  *See Kamara v. Atty Gen. of U.S.*, 420 F.3d 202, 212 (3d Cir. 2005).

Otherwise, Petitioner's habeas petition is DENIED, including to the extent that Petitioner seeks an order: (1) immediately releasing Petitioner from ICE custody under reasonable conditions of supervision; (2) setting a bond hearing at which DHS bears the burden of proving by clear and convincing evidence that continued detention of Petitioner is necessary; (3) setting "aside recent policies implemented by Respondents that are contrary to the statutory right of non-citizens like Petitioner to seek release and bail through an exercise of the Respondents' discretion;" and (4) awarding reasonable attorney fees and costs.

More specifically, where, as here, Petitioner has been detained for less than two (2) months, albeit under the wrong statute, due process under the Fifth Amendment to the United States Constitution is satisfied by providing Petitioner with an individualized bond hearing before an immigration judge which comports with due process, as the Court has ordered above, and does not require immediate release under conditions of supervision.  *See Pico Bano*

3

*v. Mullen et al.,* Civ. No. 4:26-1449, 2026 WL 1726260, at *5 (M.D. Pa. June 15, 2026) (concluding: "[T]the Court notes that Pico Bano asks only for immediate release from custody as a remedy in this matter—not a bond hearing.  However, it is this Court's ordinary practice to order the Government to provide a petitioner with a bond hearing, as 8 U.S.C. § 1226(a) does not entitle an individual to release, but only to such a hearing. Moreover, the Court is of the view that an immigration judge 'is better suited to consider whether Petitioner poses a flight risk and a danger to the community' when evaluating the factors relevant to a bond determination, and immigration judges 'would have greater access to information that could resolve any factual disputes.'  Consequently, the Court will not order Pico Bano's immediate release, but will instead direct Respondents to provide him with a bond hearing.") (footnotes omitted); *F.B. v. Oddo,* Civ. No. 3:26-717, 2026 WL 1265352, at *4 (W.D. Pa. May 8, 2026) (Fischer, J.) (holding: "the Court will not order Petitioner's immediate release," and noting "that just as detention without a bond hearing may create a risk of erroneous deprivation of the detainee's liberty interest, immediate release without a bond hearing may create a risk of erroneous deprivation of the Government's security interests.").

Nor, under the facts of this case, does due process mandate a bond hearing in which the burden of proof shifts to DHS to establish, by clear and convincing evidence, that Petitioner is a flight risk and a danger to the community. *See Abai Makeshov. v. Oddo et al.,* Civ. No. 3:26-808, 2026 WL 1579023, at *2 (W.D. Pa. June 3, 2026) (Conti, J.) (explaining: "[Petitioner] argues there was a constitutional defect in the prior bond proceeding because the burden to prove he was not a flight risk was placed upon him, rather than the government having to prove he was a flight risk (ECF No. 1 at 9). That argument, however, is foreclosed by binding precedent.") (citing *Borbot v. Warden Hudson Cnty. Correctional Facility*, 906 F.3d 274, 279 (3d Cir. 2018));

4

*Modebadze v. Soto*, Civ. No. 26-1687, 2026 WL 1067835, at *1 (D.N.J. Apr. 17, 2026) (Shipp. J.) (reasoning: "As this Court explained in *Aguilar Ramos v. Soto*, No. 25-15315, 2025 WL 3251447, at *1 (D.N.J. Nov. 21, 2025), however, aliens such as Petitioner, although not subject to detention under § 1225(b)(2), are subject to the Government's discretionary detention authority under § 1226(a). Pursuant to that authority, the Government may detain aliens, but aliens must be accorded a bond hearing at which petitioners, and not the Government, bear the burden of demonstrating that they are neither a flight risk nor a danger to the community. *Id.*; *see also Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018). Once a detained alien receives such a hearing and is denied bond, '[n]o court may set aside' the immigration judge's decision as to 'the denial of bond.' 8 U.S.C. § 1226(e). Because the burden of proof under section 1226(a) remains on aliens at all times, *Borbot*, 906 F.3d at 278-79, the immigration judge did not misapply the standard of proof by requiring Petitioner to show that he was not a flight risk at his bond hearing."); *A.D. v. Oddo,* Civ. No. 25-460, 2026 WL 1251470, at *1, n. 3 (W.D. Pa. Feb. 12, 2026) (Haines, J.) (noting: "To be sure, the default in a bond hearing pursuant to 8 U.S.C. § 1226(a) places this burden upon the alien. Nothing in the Order conditionally granting habeas relief shifted the burden to DHS. ECF No. 31. To the contrary that Order, and its accompanying Memorandum Opinion, made clear that the hearing must "include all factors normally available to an immigration court in the context of an immigration bond hearing[,]" and that any additional habeas relief sought by Petitioner was denied. *Id.* at 1. Thus, while the Writ will issue for the reasons set forth herein, Petitioner's argument that the burden should have shifted to DHS explicitly is not among those reasons.") (citing *Borbot,* 906 F.3d at 279).

Nor has Petitioner set forth any substantive argument in support of his contention that in addition to addressing the legality of Petitioner's detention without a bond hearing, the Court should expand its analysis of Petitioner's habeas petition and issue an order that "set[s] aside recent policies implemented by Respondents that are contrary to the statutory right of non-citizens like Petitioner to seek release and bail through an exercise of the Respondents' discretion." Accordingly, the Court finds that this issue currently is not properly before this Court for adjudication.

Finally, as the United States Court of Appeals for the Third Circuit has not yet addressed whether a petitioner similarly situated to Petitioner is subject to detention pursuant to 8 U.S.C. § 1226(a) or 8 U.S.C. § 1225(b), and other circuit courts of appeals are split on the issue, Respondents' position was substantially justified in this case, so no costs or attorney fees shall be awarded pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A).

SO ORDERED this 1st day of July, 2026.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:    All Registered ECF Counsel of Record